# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL C. SCHMIDT, | : |
| Plaintiff, | : Case No. 4:07-CV-1190 |
| v. | : Judge John E. Jones III |
| JAMES P. CREEDON, et al., | : |
| Defendants. | : |

## MEMORANDUM AND ORDER

### March 4, 2009

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On February 18, 2008, the Court entered a Memorandum and Order under case number 07-cv-1190 granting in part and denying in part Defendants' Motion to Dismiss the Plaintiff's Complaint (the "Order"). (Rec. Doc. 45). In that Order, we denied Plaintiff's Fourteenth Amendment Due Process claim as it related to the termination of his employment because he failed to allege that cause of action in the complaint docketed under that case number. On February 19, 2009, the Plaintiff asserted that claim in a complaint docketed under number 09-cv-323. On February 20, 2009, we entered an Order asserting that we would consolidate the cases into the older case number if there were no objections from the parties within 20 days. (Rec. Doc. 49).

On February 27, 2009, the Defendants filed a Motion to Reconsider our Denial of their Motion to Dismiss and a brief in support thereof. (Rec. Docs. 50, 51). Today, March 4, 2009, Plaintiffs filed a brief in opposition to that motion. (Rec. Doc. 53). Per the local rules, the Defendant's reply brief is due on March 18, 2009. Coincidentally, a pretrial conference is scheduled for that very date. It is therefore apparent that affording the parties the optimum time in which to brief this issue jeopardizes the pretrial conference. Since we believe that the parties should be afforded the opportunity to fully develop and brief this issue we will strike the case from the March pretrial list.[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This case shall be **STRICKEN** from the March pretrial list.

2. Briefing of the Motion to Reconsider (Rec. Doc. 50) shall continue as prescribed by the local rules.

---

[1] Our decision to do so is also motivated by our expectation that Plaintiff's newly filed case will be consolidated with his older case. Consolidation of the matters is aimed towards streamlining the litigation of related claims so that we can resolve those claims in the most efficient and expeditious way possible. However, conducting a pretrial conference this month will utterly defeat the purposes of consolidation, as the claims raised in the older case are ready to be tried but the claims in the newer case have not yet reached a pretrial posture. Therefore, were we to conduct a pretrial conference on the older claims this month, we would be forced to conduct a pretrial conference on the newer issues on some future date. This certainly would constitute a waste of judicial resources. Therefore, we believe that it is prudent to strike the case from the March pretrial list and to reschedule it for a date when both the older claims and newer claims are in a pretrial posture. While this rationale is premised on the assumption that consolidation will occur, we certainly do not prohibit either party from filing an opposition thereto by the deadline established in our February 20, 2009 Order.

3. A pretrial conference in this case shall be scheduled after the resolution of the Motion to Reconsider and the issue of consolidation.

_____
John E. Jones III
United States District Judge